**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Lee Spotted EAGLE, Defendant–Appellant.**

No. 12–30094.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 19, 2012.

Danna Rae Jackson, Office of the U.S. Attorney, Helena, MT, J. Bishop Grewell,

Leif Johnson, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert Henry Branom, Jr., Assistant Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, Jessica L. Weltman, Esquire, Federal Defender Research, Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

David Lee Spotted Eagle appeals from the 57–month sentence imposed following his guilty-plea conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Spotted Eagle contends that the district court erred by applying a two-level vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). Specifically, he contends that there was insufficient evidence to support the court's finding that the victim was asleep. The court's finding is supported by the record and is not clearly erroneous. *See United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir.2007).

To the extent Spotted Eagle contends that the district court procedurally erred by failing to explain why the enhancement was warranted, this contention fails. *See*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc).

**AFFIRMED.**

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

